IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT LEWIS ABRONE,

           Petitioner,

     v.

STEVE FRANKE,

           Respondent.

Case No. 2:11-cv-01378-SU

FINDINGS AND RECOMMENDATION

Robert Lewis Abrone
14899807
Two Rivers Correctional Institution
82911 Beach Access Rd.
Umatilla, OR 97882-9419

       Attorney for Petitioner

Ellen F. Rosenblum, Attorney General
Kristen E. Boyd, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

       Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION

SULLIVAN, Magistrate Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his underlying state-court convictions for Sexual Abuse.  For the reasons that follow, the Petition for Writ of Habeas Corpus (#3) should be denied.

**<u>BACKGROUND</u>**

On June 12, 2008, petitioner was babysitting his 10 and 11-year-old nieces when he offered them marijuana and sexually abused them.  Respondent's Exhibits 103 & 104.  As a result, the Lane County Grand Jury indicted petitioner on four counts of Sexual Abuse in the First Degree, one count of Delivery of a Controlled Substance to a Minor, and one count of Attempted Delivery of a Controlled Substance to a Minor.  Respondent's Exhibit 102.

Pursuant to an agreement with the State, petitioner waived his right to a jury trial and proceeded with a stipulated facts trial as to two counts of Sexual Abuse in the First Degree.  As part of the agreement, the remaining charges were dismissed, and the parties agreed to limit petitioner's sentencing exposure to between 75 and 120 months.  Respondent's Exhibit 117.

Following the stipulated facts trial, the trial court found petitioner guilty of both counts of Sexual Abuse in the First Degree and proceeded to sentence him to 120 months in prison.  Respondent's Exhibits 103, 104.  Petitioner appealed this decision,

but later moved to voluntarily dismiss that appeal.  Respondent's
Exhibit 106.

Petitioner next filed for post-conviction relief ("PCR") in
Umatilla County where the PCR trial court denied relief.
Respondent's Exhibit 120.  The Oregon Court of Appeals affirmed the
PCR trial court's decision without issuing a written opinion, and
the Oregon Supreme Court denied review.  *Abrone v. Mills*, 244 Or.
App. 693, 258 P.3d 537, *rev. denied* 351 Or. 216, 262 P.3d 402
(2011).

Petitioner filed this 28 U.S.C. § 2254 habeas corpus action on
November 15, 2011 in which he raises ten grounds for relief:

> **Ground One**:  Ineffective assistance of trial
> counsel.
> **Supporting Facts**:  Trial counsel convinced me
> to sign a consent to trial by stipulated
> facts by way of deception.  He told me that
> the document I was signing did not waive any
> of my rights. He told me that by signing the
> document I would be able to cross examine all
> witnesses, and I would be able to present my
> case to the court.  He specifically told me
> that if I lost at the trial I would be facing
> ten years in prison.  He never told me that
> I was guaranteed to lose and that the
> stipulated facts trial was just a way of
> pleading guilty.  I would have never plead
> guilty had I known what I was signing, I
> wished to have a trial by jury.  My attorney
> even covered up all of the document to get me
> to sign it instead of showing it to me.  All
> I could see was the signature line, and then
> in court he told me not to speak at all so I
> felt I was not able to voice my objection to
> what was going on.

///

**Ground Two**:  Actual Innocence.
**Supporting Facts**:  Petitioner is innocent of any and all charges.  Petitioner was denied due process by his attorney convincing him to proceed via stipulated facts trial.  The combination of these two facts presents a case of actual innocence that the Federal Court should reverse petitioner's convictions.

**Ground Three**:  Ineffective assistance of trial counsel.
**Supporting Facts**:  Trial counsel lied to petitioner on numerous occasions, and intentionally misled petitioner at all stages.

**Ground Four**:  Denial of right to due process of law.
**Supporting Facts**: Conviction was obtained by unlawful inducement to plead guilty. Court proceedings were not freely, knowingly, and voluntary as they must be to be lawful.

**Ground Five**:  I was never Mirandized
**Supporting Facts**:  by police officer, who arrest me.  I call him to talk about this matter.  I was in Corvallis, Oregon, where I was living.  A warrant was not issued for my arrest until two weeks after petitioner was in custody.

**Ground Six**:  Conviction obtained
**Supporting Facts**:  by use of evidence obtained pursuant to an unlawful arrest.
**Ground Seven**:  Conviction obtained
**Supporting Facts**:  by a violation of the privilege against self-incrimination.
**Ground Eight**:  Conviction obtained
**Supporting Facts**:  by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

///

> **Ground Nine**:  Conviction obtained
> **Supporting Facts**:  by action of a grand or
> petit jury which was unconstitutionally
> selected and impaneled.
>
> **Ground Ten**:  Denial of effective assistance of
> counsel
> **Supporting Facts**: by trial counsel, he never
> did anything that I ask of him.  For I ask to
> go to jury trial.  But trial counsel deceived
> petitioner. To do as he said as he put it "Do
> as I say" "For I no what is best for you" so
> I trusted trial counsel and I did as he said,
> which now I see was not the right thing to
> do.

Petition (#3), pp. 6-9.

Respondent asks the court to deny relief on the Petition because: (1) most of petitioner's grounds for relief Grounds Three through Ten were not fairly presented to the Oregon state courts and are now procedurally defaulted; (2) the PCR trial court's decision denying petitioner's Ground One claim of ineffective assistance of trial counsel is entitled to deference; and (3) petitioner's Ground Two claim of actual innocence lacks merit.

## DISCUSSION

I.  **Exhaustion and Procedural Default**

A.  **Standards**

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982).  "As a general rule, a petitioner satisfies the

exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'"  *Casey v. Moore,* 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)).  If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review.  *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000); *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all.  *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence.  *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

///

6 - FINDINGS AND RECOMMENDATION

B.    __Analysis__

Petitioner did not fairly present any federal claims to the Oregon Supreme Court during direct review because he voluntarily dismissed his appeal.    In his subsequent PCR proceedings, petitioner presented the Oregon Supreme Court with a single claim: whether trial counsel was ineffective when he tricked petitioner through deception to agree to a stipulated facts trial when petitioner had advised counsel of his desire to prove his innocence at a jury trial.[1]  Respondent's Exhibit 121, Section B, p. 1; Respondent's Exhibit 123.  This claim generally corresponds to Grounds One, Three, and Ten of the Petition for Writ of Habeas Corpus.  As such, the court concludes that petitioner fairly presented the portions of Grounds One, Three, and Ten that correspond to the claim he placed at issue in the Oregon Supreme Court during collateral review.  With the exception of Ground Two (discussed below), petitioner failed to fairly present his remaining claims to the Oregon state courts, and those claims are now procedurally defaulted.

C.    __Actual Innocence__

In Ground Two, petitioner alleges that he is actually innocent of his underlying crimes.  Petitioner might be asserting that this excuses the procedural default mentioned above.    In

---

[1]  Petitioner raised this issue *pro se* when his appointed attorney could not find any non-frivolous issues for appeal.

*Schlup v. Delo*, 513 U.S. 298 (1995), the Supreme Court addressed the process by which state prisoners may prove "actual innocence" so as to excuse a procedural default. The Court explained that in order to be credible, a claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Id.* at 324; *Downs v. Hoyt*, 232 F.3d 1031, 1040 (9th Cir. 2000), *cert. denied*, 121 S.Ct. 1665 (2001). Ultimately, petitioner must prove that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. *Schlup*, 513 U.S. at 327; *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Downs*, 232 F.3d at 1040.

In this case, petitioner presents no new evidence of his innocence. "Without any new evidence of innocence, even the existence of a . . . meritorious constitutional violation is not sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup*, 513 U.S. at 316. Accordingly, petitioner is unable to excuse his procedural default.

To the extent petitioner wishes to raise Ground Two as a freestanding claim of actual innocence, he cannot prevail on such a claim. Because petitioner is not able to meet the *Schlup*

gateway showing of actual innocence to excuse his procedural default, he is unable to meet the more demanding showing required to make a freestanding claim of actual innocence pursuant to *Herrera v. Collins,* 506 U.S. 390, 417 (1993). *House v. Bell*, 547 U.S. 518, 555 (2006) (*Herrera* requires more convincing proof of innocence than *Schlup*).

**II.    The Merits**

      **A.    Standard of Review**

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme]

Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. The state court's application of clearly established law must be objectively unreasonable. *Id* at 409.

    **B.**  <u>**Analysis**</u>

      Petitioner alleges that counsel's performance fell below an objective standard of reasonableness when he deceived him into agreeing to a stipulated facts trial. Because no Supreme Court precedent is directly on point that corresponds to the facts of this case, the court uses the general two-part test established by the Supreme Court to determine whether petitioner received ineffective assistance of counsel. *Knowles v. Mirzayance*, 556 U.S. 111, 122-23 (2009). First, petitioner must show that his counsel's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the

conduct falls within the "wide range of reasonable professional assistance." *Id* at 689.

Second, petitioner must show that his counsel's performance prejudiced the defense. The appropriate test for prejudice is whether the petitioner can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694. A reasonable probability is one which is sufficient to undermine confidence in the outcome of the trial. *Id* at 696. When *Strickland's* general standard is combined with the standard of review governing 28 U.S.C. § 2254 habeas corpus cases, the result is a "doubly deferential judicial review." *Mirzayance*, 129 S.Ct. at 1420.

The PCR trial court resolved petitioner's Ground One ineffective assistance of counsel claim as follows:

> I find that your decision to go to a stipulated facts trial was knowing and voluntar[y]. I do not believe that you got tricked into it.
>
> Afer the investigation, there were no defense witnesses. I believe that you decided that the deal was worth taking. It wasn't great, but it was better than what was going to happen if you went to trial.
>
> And you understood that you could take the deal without having to admit to anything, because stip[ulated] facts mean you don't plead guilty. It's not a plea.

* * * * *

11 - FINDINGS AND RECOMMENDATION

> Basically what I believe happened, and it won't help to argue with me, because I'm real decided on this case, basically [what] you were able to do is you were able to take the deal and not have to admit you did anything wrong. And that's what a stipulated facts trial is.
>
> And I think you understand that. And you knew that 120 was a lot better than probably the 150 I think it was, that you were going to likely get if you went to trial.
>
> I do not believe you got tricked. I do not believe your attorney lied to you or didn't show you the paperwork. I don't believe it. I've read the record. You had plenty of chances to tell the Judge anything you wanted to.

Respondent's Exhibit 119, pp. 18-20.

Thus, the PCR trial court made factual findings that counsel did not deceive petitioner, and that petitioner knew exactly what he was doing when he agreed to the stipulated facts trial. The PCR trial court simply did not find petitioner credible, and the PCR trial judge specifically told him that "I don't think what you told me today is accurate." *Id* at 20. While petitioner disputes the PCR trial court's factual findings, he fails to provide any clear and convincing evidence to controvert them as required by 28 U.S.C. § 2254(e)(1).

Taking the PCR trial court's factual findings as true, counsel's performance did not fall below an objective standard of reasonableness. Accordingly, the court should conclude that the

PCR trial court's decision was neither contrary to, nor an unreasonable application of, clearly established federal law.

**RECOMMENDATION**

For the reasons identified above, the Petition for Writ of Habeas Corpus (#3) should be DENIED and a judgment should be entered dismissing this case with prejudice. The court should decline to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

**SCHEDULING ORDER**

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due within 14 days. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this  25th  day of February, 2013.


 /s/ PATRICIA SULLIVAN
          Patricia Sullivan
          United States Magistrate Judge

13 - FINDINGS AND RECOMMENDATION