IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

**ROBERT LEWIS ABRONE**,

    Petitioner,

  v.

**STEVE FRANKE,**

    Respondent.

Case No. 2:11-cv-01378-SU

**OPINION AND ORDER**

Robert Lewis Abrone, Two Rivers Correctional Institution, 82911 Beach Access Road, Umatilla, OR 97882-9419. Petitioner *pro se*.

Kristen E. Boyd, State of Oregon Department of Justice, 1162 Court Street, NE, Salem, OR 97301. Attorney for Respondent.

**Michael H. Simon, District Judge.**

    United States Magistrate Judge Patricia Sullivan issued findings and recommendations in this case on February 25, 2013. Dkt. 32. Judge Sullivan recommended that the Petition for Writ of Habeas Corpus, Dkt. 3, be denied and the case dismissed with prejudice.

    Under the Federal Magistrates Act ("Act"), the Court may "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. §

PAGE 1 – OPINION AND ORDER

636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3). For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report[.]"); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (the court must review *de novo* magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

     In his objections to Judge Sullivan's findings and recommendation, Petitioner asserts that he is innocent, that he should be allowed a trial to prove his innocence, that his lawyer lied to him to induce him to accept a plea agreement, and that he did not mean to agree that he had committed any crime. Dkt. 38. These arguments do not address Judge Sullivan's reasoning in the findings and recommendation. The Court nonetheless notes that before commencing the stipulated facts trial, the state trial court judge asked Petitioner if he understood that he was waving his constitutional right to trial by jury and if he understood that, by proceeding with a stipulated facts trial, he was agreeing that the State could prove certain facts that would result in a conviction for a felony involving ten years imprisonment. Dkt. 21-1 at 12. Abrone confirmed that he understood and that his agreement was free and voluntary. *Id.*

PAGE 2 – OPINION AND ORDER

Even though Abrone's objections are legally irrelevant and appear to be factually baseless, the Court has reviewed the entirety of Judge Sullivan's findings and recommendation *de novo*. The Court agrees with Judge Sullivan's reasoning and ADOPTS her findings and recommendation in full. The Petition for Writ of Habeas Corpus, Dkt. 3, is DENIED. Judgment will be entered dismissing this case with prejudice. The Court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

DATED this 16th day of May, 2013.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge